**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADRIAN CARLOS DELGADO,<br><br>　　　　　　Defendant. | No.  1:15-CR-00136-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A)<br><br>(Docs. 24, 36) |

Adrian Carlos Delgado is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Doc. 24.) Delgado argues that his sentence was "overly harsh" and that he has medical conditions that put him at higher risk of serious complications should he contract COVID-19 while incarcerated. (*Id.*) The Government opposes this motion, (Doc. 39), and Delgado has filed a reply. (Doc. 46.) For the reasons explained below, the motion is **DENIED**.

**BACKGROUND**

Delgado pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count I) and one count of possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A) (Count II) and was sentenced to a term of 152 months[1] in prison and 36 months of supervised release. (Dkt. 23.) Delgado is currently incarcerated at USP

---

[1] Delgado was sentenced to 92 months for Count I and 60 months for Count II to run consecutively.

Victorville, where he has served approximately 98 months of his sentence. (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 10, 2023).) He has a projected release date of July 19, 2026. *Id.* On January 28, 2021, Delgado motioned for compassionate release because his "sentence was overly harsh" and because of medical conditions that, he alleges, put him at high risk for complications if he were to contract COVID-19. (Doc. 24.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, defendants petitioning for compassionate release must exhaust administrative remedies. Once they do so, courts consider whether "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id.*

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A)

motions filed by a defendant, but they are not binding"). The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction:

> (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment;
>
> (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;[2]
>
> (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or
>
> (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

*United States v. Allen*, No. 17-0229, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019) (citing U.S.S.G. § 1B1.13 cmt. 1).

## ANALYSIS

### A.   Administrative Exhaustion

Delgado submitted a request for compassionate release to Victorville USP's Warden. (Doc. 24 at 3.) The Warden denied the request on July 27, 2020, thus exhausting Delgado's administrative remedies. (Doc. 39 at 9.) The government concedes that Delgado has exhausted his administrative remedies. (*Id.* at 3:12.). The Court will therefore address the merits of Delgado's motion.

### B.   Extraordinary and Compelling Reasons

Delgado's first argues that his sentence was "overly harsh." However, his sentence falls on the lower end of the recommended federal sentencing guidelines. Delgado's criminal history puts him in the criminal history category VI under the sentencing guidelines. The sentencing guidelines for Count I, felon in possession of a firearm, call for a sentence of 92–115 months for

---

[2] This category does not apply to Delgado because he is not 65 years of age or older, and he has not served 10 years or 75% of his sentence.

1    someone with Delgado's prior criminal history.  (Doc. 20.)  Delgado received 92 months for

2    Count I, which is the lowest sentence recommended by the sentencing guidelines.  (Doc. 23.)

3    The sentencing guidelines recommend a 60-month sentence for Count II, possession of a firearm

4    in a school zone.  (Doc. 20.)  Delgado's sentence tracks the guidelines recommendation exactly.

5    (Doc. 23.)  During sentencing, Judge O'Neill considered the sentencing guidelines, the pre-

6    sentence report, the 11(c) agreement, the government's objections, two reports regarding

7    Delgado's cognitive abilities, an email response from Delgado's counsel, and Delgado's

8    statement in mitigation.  (Recording on file with the Court.)  Delgado does not cite any reason,

9    case law, or changes in the sentencing guidelines that would make his sentence "overly harsh" or

10   otherwise inappropriate. Therefore, Delgado has not shown that there are extraordinary and

11   compelling reasons as to his sentence's harshness.

12          Secondly, Delgado argues that his medical conditions, in conjunction with the COVID-

13   19 pandemic, warrant his release.  Specifically, Delgado states he suffers from obesity and

14   asthma. (Doc. 24 at 8.)  BOP medical records submitted by the government show that Delgado

15   was treated for asthma starting in 2016 and that his condition was resolved as of December 19,

16   2018. (Doc. 45 at 14.)  These documents do not make any reference to Delgado's weight or

17   indicate that he is under any treatment for obesity, and Delgado has not submitted any evidence

18   of a weight issue.  (*Id.*)

19          The CDC notes that "People with moderate to severe asthma … might be at higher risk

20   of getting very sick from COVID-19."  (*See* Ctrs. for Disease Control & Prevention, Respiratory

21   Infections and Asthma, https://www.cdc.gov/asthma/respinf.html (last visited July 7, 2023).)

22   Similarly, the CDC states that the "risk for severe COVID-19-associated illness increases with

23   higher BMI." *See* Ctrs. for Disease Control & Prevention, Body Mass Index and Risk for

24   COVID-19–Related Hospitalization, Intensive Care Unit Admission, Invasive Mechanical

25   Ventilation, and Death — United States, March–December 2020,

26   https://www.cdc.gov/asthma/respinf.html (last visited July 7, 2023).  However, neither of these

27   conditions are reflected as a current concern in Delgado's medical records.

28          Furthermore, Delgado's health records show that he is fully vaccinated against COVID-

4

19.  (Doc. 45 at 56, 69.)  Delgado received his initial COVID vaccines on March 11, 2021 and April 8, 2021, and he received a booster dose on March 8, 2022. (*Id.*)  When a defendant is fully vaccinated, this Court and others have employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). *See United States v. Smith*, 538 F. Supp. 3d 990, 999 (E.D. Cal. May 11, 2021).  A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of vaccination.  *Id.*  However, Delgado has not done so here.

Though Delgado has cited case law where courts granted compassionate release based on medical reasons, these cases are from 2020 prior to the COVID-19 vaccine being developed and made widely available.  Delgado fails to offer arguments as to why his conditions put him at higher risk of COVID-19 complications *despite* his vaccinated status.  Crucially, BOP medical records demonstrate that Delgado contracted COVID-19 before he was vaccinated and did not report any serious illness.  (Doc. 45 at 47, 63.)  Delgado *does* allege that since contracting COVID-19, he "[i]s not the same mentally or physically" but does not explain further.  (Doc. 24 at 7.)  Delgado argues that he is at higher risk of developing complications if he contracts COVID-19 a second time, but he does not provide a reason why he would be more likely to contract COVID-19 while at Victorville USP than he would be if he were released.  (*Id.*)  On this record, the Court cannot conclude that Delgado has established extraordinary and compelling reasons warranting his release on the basis of his medical conditions.

**C.     Consistency with the § 3553(a) Factors**

Because the Court concludes that Delgado's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors.  *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

///

///

**CONCLUSION**

5

For the reasons discussed above, Defendant Delgado's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 24), is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 19, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE